UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRACY L. McKINNEY,<br><br>        Petitioner,<br><br>   v.<br><br>GARY SWARTHOUT,<br><br>        Respondent. | No. CV 12-01343-CJC (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On February 16, 2012, Tracy L. McKinney (hereinafter referred to as "Petitioner") filed a filed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. §2254." Petitioner was convicted on September 15, 1999 in Los Angeles County Superior Court in Case No. NA038993. (See Petition at 2.) Petitioner was convicted of violating California Penal Code ("PC") § 290(g)(2), failing to register as a sex offender and PC § 4532(b)(1), escape from custody. Id. Petitioner was sentenced to 25 years to life with the possibility of parole. Id. Petitioner contends the following: Petitioner's sentence of 25 years to life is unconstitutional and his right to a fair trial and due process was violated. (See Petition at 5; attached page.)

1    It appears from the face of the petition that it is directed to
2 the same 1999 Los Angeles County Superior Court conviction as a prior
3 habeas petition filed by Petitioner in this Court on July 16, 2002, in
4 Case No. CV 02-05577-CJC (VBK).[1]  On March 22, 2004, Judgment was
5 entered in Case No. CV 02-05577-CJC (VBK) denying the petition and
6 dismissing the action with prejudice, pursuant to the District Judge's
7 Order approving and adopting the Magistrate Judge's Report and
8 Recommendation.

9    The Petition now pending is governed by the provisions of the
10 Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-
11 132, 110 Stat. 1214)("the Act"), which became effective April 24,
12 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in
13 pertinent part, as follows:

14    "(2) A claim presented in a second or successive habeas
15    corpus application under section 2254 that was not presented in
16    a prior application shall be dismissed unless--
17       (A)  the applicant shows that the claim relies on a new

---

[1]    The Court takes judicial notice of its own files and records.  See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On July 16, 2002, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 02-05577-CJC (VBK). In this petition, Petitioner raised the following claims: (1) Petitioner's trial counsel rendered ineffective assistance; (2) The trial court violated Petitioner's right to due process by not ordering a psychiatric evaluation, and by "convicting the Petitioner while he was mentally incompetent to stand trial;" (3) Petitioner was denied his state and federal constitutional rights because of California's statute requiring him to register as a sex offender; (4) Petitioner was denied his state and federal constitutional due process rights because the state used pre-1994 convictions to sentence him under California's Three Strikes Law; (5) Petitioner was denied his state and federal constitutional due process rights, right to a fair trial, and right to an impartial jury, because the trial court erred in not excusing a prospective juror for cause; and (6) Petitioner's sentence under California's Three Strikes Law is cruel and unusual punishment.

2

>     rule of constitutional law, made retroactive to cases on
>     collateral review by the Supreme Court, that was previously
>     unavailable; or
>
>     (B)(i)  the factual predicate for the claim could not
>     have been discovered previously through the exercise of due
>     diligence; and
>
>     (ii)  the facts underlying the claim, if proven and
>     viewed in light of the evidence as a whole, would be
>     sufficient to establish by clear and convincing evidence
>     that, but for constitutional error, no reasonable factfinder
>     would have found the applicant guilty of the underlying
>     offense.
>
>     (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."

(Emphasis Added.)

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b).  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

//
//

For the foregoing reasons, **IT IS ORDERED** that this action be

1  summarily dismissed pursuant to Rule 4 of the Rules Governing Section
2  2254 Cases in the United States District Courts.
3  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

5  DATED: February 29, 2012         _____
                                    CORMAC J. CARNEY
6                                   UNITED STATES DISTRICT JUDGE

8  Presented on
   February 23, 2012 by:

11 _____/s/_____
   VICTOR B. KENTON
   UNITED STATES MAGISTRATE JUDGE